IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEFFREY ALLEN NALLY, JR.,**

        Petitioner,

v.                                       Civil Action No. 5:12cv85
                                               (Judge Stamp)

**EVELYN SEIFERT, Warden,**

        Respondents.

## REPORT AND RECOMMENDATION

This case was initiated on June 12, 2012, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Presently before the Court is the respondent's motion for summary judgment. On August 15, 2012, notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) was issued to the petitioner, advising him of his right to file a response to the respondent's motion for summary judgment. On August 28, 2012, the petitioner filed his response to the <u>Roseboro</u> Notice. Accordingly, this case is before the undersigned for a report and recommendation pursuant to Standing Order No. 2 and LR PL P § 2.

### I. Factual and Procedural Background

**A. Petitioner's Conviction and Sentence**

The petitioner was indicted by a thirty-one count indictment returned by a Grand Jury sitting in the Circuit Court of Hancock County, of one count of Second Degree Sexual Assault, in violation of W.Va. Code §61-8B-4;[1] twenty-nine counts of animal cruelty, in violation of W.Va. Code §61-8-119b; and one count of kidnapping, in violation of W.Va. Code §61-2-14a. On April 4, 2012, pursuant to a plea agreement, petitioner entered a plea of guilty to one count of a Prohibited Person in Possession of a Firearm and nine counts of animal cruelty. By Order entered April 18, 2012, petitioner was sentenced to

---

[1] This count was severed from the remaining counts and was later dismissed, after the State and the court concluded it would be difficult to establish that a crime had occurred in the matter. (Dkt.# 21-3 at 4).

1

one year[2] on the firearms charge and no less than one nor more than five years on each of the nine counts of animal cruelty, to be served consecutively, for a total prison sentence of not less than ten nor more than forty-five years. The State agreed to dismiss the remaining counts in the indictment; not to pursue a recidivist charge pursuant to W.Va. Code §61-11-18; and if petitioner had no major infractions or other criminal conduct during the first five years of his sentence, that he could petition the trial court for a Rule 35 motion for a sentence reduction and it would be granted. He would then be placed on probation for five years.

**B. Petitioner's Direct Appeal**

Petitioner did not file a direct appeal.

**C. Petitioner's State Habeas Petition**

On June 12, 2012, the petitioner filed a *pro se* petition for writ of habeas corpus with the Circuit Court of Hancock County. In the petition, the petitioner made the following requests for relief:

(1) his conviction was the result of an unconstitutional search and seizure;

(2) counsel provided ineffective assistance;

(3) his conviction was obtained by means of a Brady[3] violation; and

(4) his plea was involuntary.

By Memorandum Order entered June 16, 2012, the state habeas court denied the petition in its entirety. Petitioner did not appeal the Order to the West Virginia Supreme Court of Appeals.

**D. Petitioner's Federal Habeas Petition**

On June 12, 2012, the petitioner filed the instant federal habeas petition. In the petition, the petitioner asserts that

1) the presiding judge briefly fell asleep during a pretrial hearing;

---

[2] Petitioner had already served this one-year sentence by the time he was sentenced, so the 10 – 45 year sentence was in effect, a 9 – 45 year sentence.

[3] Brady v. Maryland, 373 U.S. 83 (1963).

2

2) James Carey, his public defender, was ineffective for not calling witnesses petitioner wanted and "not fighting for" petitioner;

3) West Virginia State Trooper Larry Roberts and Scott Swan of the Hancock County Sheriff's Department conducted an illegal and unconstitutional search of his house, only obtaining a search warrant after the fact; and

4) the prosecutor, James Davis, Jr., sent him a letter threatening him with "life in prison," and advising that "money is practley [sic] free for this state must I remind you."

Petitioner contends that he has suffered "mental distress" as a result of the respondents' actions. As relief, petitioner seeks "reconsideration of hearing."

**F. The Respondent's Motion for Summary Judgment**

In the motion to dismiss, the respondent asserts that the petition should be dismissed for failure to exhaust; failure to state a claim for which relief can be granted; and procedural default.

**G. The Petitioner's Response**

The petitioner argues that his case should not be dismissed, raising a new claim, that the state breached the plea agreement because "part of my plea was for the state to . . . bring charges up against Jessica Sellers[4] witch [sic] was never done[.]"

He expands on his earlier claim of ineffective assistance, arguing that counsel "did nouthing [sic] for me he put some motions in . . . he never once tried [sic] to fight or get me a lower plea or setence [sic] or even get charges droped [sic]." He reiterates his claim that counsel refused to present witnesses on his behalf and avers that counsel also said "many things to me that was unperfsnol [sic] as a cansol [sic]."

## II. Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v.

---

[4] Jessica Sellers was the kidnapping/hostage victim; Count 31, the kidnapping/hold hostage charge was dismissed incident to the plea agreement. Dkt.# 27-1, ¶3 at 2.

3

Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The

---

[1] Picard v. Connor, 404 U.S. 270 (1971).

exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution

Here, the petitioner never filed a direct appeal of his state court conviction and sentence. Although he did file a state petition for writ of habeas corpus raising Grounds Two and Three, he never raised Grounds One and Four there, and therefore has failed to exhaust them.[5] Id. See also Picard, *supra*.

Moreover, petitioner's state habeas petition was dismissed on June 16, 2012, and petitioner never filed an appeal to the West Virginia Supreme Court of Appeals. The thirty-day time period for timely filing such an appeal has long passed. See W.Va. R. App. P. 5(b). Although there is nothing before the court to show that petitioner has ever attempted to file an untimely appeal of his state habeas petition, it should be noted that "[a] state habeas petitioner who fails to meet the requirements of state procedural law, and who has his petition dismissed on that basis by the last state court to review it, loses federal review of the federal claims raised in the state petition in the absence of cause and prejudice or a fundamental miscarriage of justice." Coleman v. Thompson, 895 F.2d 139, 142 (4th Cir. 1990) *quoting* Murray v. Carrier, 477 U.S. 478 (1986). A prisoner can evade the bar of procedural default, if he can show cause for the noncompliance with state law and actual prejudice resulting from the alleged constitutional violation. Wainwright v. Sykes, 433 U.S. 72, 84 (1977). Avoiding the bar of procedural default by demonstrating that denial of federal review will result in a fundamental miscarriage of justice is only possible in "extraordinary case[s], where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Here, petitioner has neither presented nothing to excuse his noncompliance with state law, nor, in the light of his admission to the deliberate and horrendous torture and brutal killing of nine puppies or dogs, incident

---

[5] Petitioner's Grounds One, Three and Four claims have no merit, however, because all three were foreclosed by the entry of petitioner's knowing and voluntary guilty plea, pursuant to a plea agreement, where, in addition to waiving his constitutional and trial rights, he also waived any defects that might exist in the investigation and prosecution of his case. See Circuit Court of Hancock County WV Plea and Sentencing Order, Dkt.# 21-3 at 3.

5

to his guilty plea, can he show that fundamental miscarriage of justice would occur if his petition were dismissed. Thus, petitioner has not only failed to exhaust his claims, he has also procedurally defaulted them.

### III. Recommendation

For the reasons set forth in this opinion, it is recommended that the respondent's Motion for Summary Judgment (Dkt.# 21) be **GRANTED** and the petitioner's § 2254 petition be **DISMISSED with prejudice**.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by October 9, 2012**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: September 25, 2012.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE