IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY ALLEN NALLY, JR.,

    Petitioner,

v.                                                   Civil Action No. 5:12CV85
                                                                       (STAMP)

EVELYN SEIFERT, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

I.   Background

On April 4, 2012, the pro se[1] petitioner, Jeffrey Allen Nally, Jr., pled guilty, pursuant to a plea agreement, to one count of being a prohibited person in possession of a firearm and nine counts of animal cruelty. The petitioner was sentenced in the Circuit Court of Hancock County, West Virginia to a term of imprisonment of one year on the firearms charge, and no less than one nor more than five years on each of the nine counts of animal cruelty, to be served consecutively, for a total prison term of not less than ten nor more than forty-five years. Further, the state agreed to dismiss the remaining counts of the thirty-one count indictment, to not pursue a recidivist charge, and to allow the petitioner to return to the trial court after the first five years of his sentence if he had no major infractions or other criminal

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

conduct during that time, and to receive a sentence reduction which would place him on probation for five years.  The petitioner did not directly appeal his conviction.  On June 12, 2012, the petitioner filed a pro se petition for writ of habeas corpus in the Circuit Court of Hancock County.  In this state petition for habeas corpus, the petitioner made the following claims: (1) his conviction was the result of an unconstitutional search and seizure; (2) ineffective assistance of counsel; (3) his conviction resulted from a Brady[2] violation; and (4) his guilty plea was involuntary.  This state habeas petition was denied in its entirety on June 16, 2012, and the petitioner did not appeal that denial.

On the same day that he filed his state habeas petition, he filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.  In this petition, the petitioner argues (1) the trial judge fell asleep during a pretrial hearing; (2) the petitioner's trial counsel was ineffective for failing to call witnesses that petitioner wanted him to call and for "not fighting for" the petitioner; (3) the evidence used to effectuate the petitioner's prosecution was the result of an unconstitutional search and seizure; and that (4) the prosecutor engaged in prosecutorial misconduct in the form of sending threatening letters to the petitioner.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 2, this case was referred to

---

[2]Brady v. Maryland, 373 U.S. 83 (1963).

United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert determined that summary dismissal was not warranted in this case and directed the respondent to show cause why the petition should not be granted. In response, the respondent filed a motion for summary judgment.

The respondent's motion for summary judgment argued that this case should be dismissed because the petitioner has failed to exhaust all state remedies as is required as a prerequisite to filing a § 2254 petition. The respondent also argued in the alternative that the petition should be dismissed as failing to state a claim and as procedurally barred. The respondent also asks this Court to dismiss the petitioner's Fourth Amendment claims as barred by Stone v. Powell, 428 U.S. 465, 494 (1976). The petitioner responded to the respondent's motion for summary judgment by arguing against dismissal, reiterating the claims in his petition, and raising a new claim that the state breached the plea agreement by failing to bring charges against the petitioner's kidnapping victim.

The magistrate judge entered a report and recommendation recommending that this Court dismiss this petition with prejudice for failure to exhaust state remedies and because the petitioner has procedurally defaulted his claims. The magistrate judge found that a number of the petitioner's claims have been raised for the first time in his petition before this Court and, even those that

were raised in the simultaneously filed state habeas corpus motion, have not been properly and fully exhausted within the state courts.

Magistrate Judge Seibert further advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party could file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections wherein he again reiterates the arguments contained in his petition, and argues that he filed a state habeas petition which was denied, and that he is attempting to appeal that denial. After a de novo review, this Court agrees with the magistrate judge that the petitioner has failed to exhaust state remedies and has procedurally defaulted his claims. Therefore, this case must be dismissed with prejudice.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because objections have been filed in this case, this Court will undertake a de novo review.

## III. Discussion

State prisoners must exhaust all available state remedies before seeking relief by way of a federal writ of habeas corpus pursuant to 28 U.S.C. § 2554. Baldwin v. Reese, 541 U.S. 27, 29 (2004). This requirement allows the state the first "'opportunity

to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)(citation omitted).  In order to ensure that the petitioner has fully exhausted all state remedies, he must have fully presented the merits of the claims raised in his § 2254 claim to the highest court within the state.  Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997).  It is the petitioner's burden to demonstrate that he has exhausted state remedies.  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

It appears clear from the record that the petitioner in this case has failed to fully exhaust his state remedies with regard to any of the claims that he has raised throughout this civil action, and the petitioner has presented no evidence to rebut this conclusion.  Initially, as the magistrate judge points out, a number of the claims that petitioner has raised in his petition here have not been presented to any West Virginia state court at any time.  The only claims that the petitioner brought before the Circuit Court of Hancock County in his state habeas claim are his allegations regarding unconstitutional search and seizure and ineffective assistance of counsel.  Accordingly, the petitioner's claims regarding prosecutorial misconduct and the presiding judge allegedly falling asleep at a hearing, as well as the later-raised argument that the state breached its plea agreement, are dismissed for failure to exhaust.

Further, despite the fact that the petitioner's remaining claims were raised in his simultaneously-filed state habeas petition, they too must be also be dismissed for failure to exhaust. As noted by the magistrate judge, in order to fully exhaust a claim in West Virginia state court, a petitioner must raise the issue either on direct appeal or in a state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995). Accordingly, unless the claim has been fully appealed and either heard or rejected by the highest court of the state, the West Virginia Supreme Court of Appeals, it cannot be entertained by this Court in a federal habeas claim. As explained above, while the petitioner did raise his ineffective assistance of counsel and unconstitutional search and seizure claims in his state habeas claim, he failed to appeal that claim following its dismissal by the circuit court.

In his objections to the magistrate judge's report and recommendation, dated October 1, 2012, the petitioner argues that he is "filing an appeal to the Direct appeas court [sic]." However, the circuit court's denial of the petitioner's state petition for habeas corpus was entered on June 16, 2012, and had a thirty day appeals period. Accordingly, the petitioner's appeal, which according to the petitioner had not yet been filed on October 1, 2012, was untimely. As noted by the magistrate judge, untimely attempts to appeal a denial of habeas cannot constitute exhaustion

of state remedies because "[a] state habeas petitioner who fails to meet the requirements of state procedural law, and who has his petition dismissed on that basis by the last state court to review it, loses federal review . . . in the absence of cause and prejudice or a fundamental miscarriage of justice." Coleman v. Thompson, 895 F.2d 139, 142 (4th Cir. 1990) (internal citations omitted). The petitioner here has made no attempt to explain his failure to timely appeal the circuit court's dismissal of his habeas claim. This Court further agrees with the magistrate judge that there is no evidence of any miscarriage of justice in this case should this petition be dismissed. Accordingly, the petitioner has both failed to fully exhaust these claims, and has procedurally defaulted them.

## IV. Conclusion

Based upon a de novo review of the record, this Court AFFIRMS AND ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the petitioner's petition filed pursuant to 28 U.S.C. § 2254 is DENIED. It is also further ORDERED this civil action be DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to strike this civil action from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk

of this Court within thirty days after the date of the entry of this judgment order.

Finally, this Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      February 13, 2013

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE